ACCEPTED
04-14-00644-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/6/2015 8:41:37 AM
KEITH HOTTLE
CLERK

No. 04-14-00644-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
2/6/2015 8:41:37 AM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS

FOR THE

FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS

AT SAN ANTONIO, BEXAR COUNTY, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELTON ANTHONY BRANCH
APPELLANT

v.

THE STATE OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEALED FROM
CAUSE NO. 2013-CR-7555
IN THE 399TH DISTRICT COURT
BEXAR COUNTY, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIEF OF APPELLANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAMES C. OLTERSDORF
410 South Main St., Suite 205
San Antonio, Texas 78204
(210) 270-8588
SBN: 15278630
Attorney for Appellant

# STATEMENT OF PARTIES

In accordance with Texas Rule of Appellate Procedure 72 (a), for the purpose of disqualification and/or recusal of members of this Honorable Court, the following is a complete list of those parties involved in the instant action.

**Mr. James C. Oltersdorf**
SBN: 15278630
410 South Main St., Suite 205
San Antonio, TX 78204
(210) 270-8588
Attorney for Appellant

**Mr. Steven Spier**
SBN: 24047533
**Mr. Daniel Walker**
SBN: 24070810
Bexar County District Attorney's Office
101 W Nueva, Fourth Floor
San Antonio, TX 78205-2260
(210) 335-2311
Appearing for the State

**Mr. Sean M. Henricksen**
SBN: 24084820
111 Soledad Suite 116
San Antonio, TX 78205
(210) 900-2806
Attorney for Defendant

**No. 04-14-00644-CR**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE COURT OF APPEALS
FOR THE
FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS
AT SAN ANTONIO, BEXAR COUNTY, TEXAS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ELTON ANTHONY BRANCH,
APPELLANT**

**v.**

**THE STATE OF TEXAS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPEALED FROM
CAUSE NO. 2013-CR-7555
IN THE 399TH DISTRICT COURT
BEXAR COUNTY, TEXAS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BRIEF OF APPELLANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE COURT OF APPEALS,

COMES NOW ELTON ANTHONY BRANCH, Appellant, by and through his attorney of record, and submits this Brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his appeal from a conviction for the offense of Assault with a Deadly Weapon in the 3996th District Court of Bexar County, Texas, in Cause No. 2013-CR-7555.

## PRELIMINARY STATEMENT OF CASE

This is an Appeal from a trial for the offense of Assault with a Deadly Weapon. The jury found the Appellant guilty on August 22, 2014. Punishment was assessed at 25 years in the Texas Department of Corrections by the jury on August 23, 2014.

This case was called to trial on August 20, 2014

Appellant timely filed Notice of Appeal.

# **TABLE OF CONTENTS**

STATEMENT OF THE FACTS ...............................................................................................1


POINT OF ERROR 1 ..........................................................................................................3

      Sufficiency of evidence

POINT OF ERROR 2 ..........................................................................................................5

      Prejudicial photographs were admitted at trial

POINT OF ERROR 3 ..........................................................................................................6

      Hearsay statements were admitted at trial


CONCLUSION....................................................................................................................6


PRAYER..............................................................................................................................7


CERTIFICATE OF SERVICE ............................................................................................7

# TABLE OF AUTHORITIES

**Cases**

**Page**

*Solomon v. State*, 49 S.W.3d 356, 361 (Tex.Crim.App. 2001)......................................... *4*

*Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) .......................................*4*

*Ates v. State*, 21 S.W.3d 384, 390 (Tex.App.- Tyler 2000; no pet.) ..................................*4*

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979)..................................................*4*

*Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). .........................................*4*

*Carrizales v. State*, 414 S.W.3d 737, 742 (Tex.Crim.App. 2013)  ...................................*5*

*Powell v. State*, 194, S.W.3d 503, 507 (Tex.Crim.App. 2006)...........................................*5*

*Wise v. State*, 364 S.W.3d 900, 903 (Tex.Crim.App. 2012)...............................................*5*

*Mayberry v. State*, 351 S.W.3d 507, 509 (Tex.App. – San Antonio 2011; pet. ref'd) ...................*5*

*Moreno v. State*, 755 S.W.2nd 866 (Tex.Crim.App. 1988) .................................................*5*

*Long v. State*, 823 S.W.2nd 259 (Tex.Crim.App. 1991 p. 272).........................................*6*

No. 04-14-00644-CR


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**IN THE COURT OF APPEALS**

**FOR THE**

**FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS**

**AT SAN ANTONIO, BEXAR COUNTY, TEXAS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ELTON ANTHONY BRANCH,**
**APPELLANT**

**v.**

**THE STATE OF TEXAS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**APPEALED FROM**
**CAUSE NO. 2013-CR-7555**
**IN THE 399TH DISTRICT COURT**
**BEXAR COUNTY, TEXAS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**BRIEF OF APPELLANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


**STATEMENT OF THE FACTS**


On June 6, 2013, at the Kiolbassa Provision Company on South Brazos Street in San

Antonio, Texas, Clifton Wallace, a security guard, was making his rounds at 11:00 p.m.   In the

parking lot he observed a man inside a vehicle.   Mr. Wallace had shortly before observed the

same man enter into a maintenance area at the company. The car Mr. Wallace observed the man in had most probably not been broken into because keys belonging to the car were found later on the ground outside the car.

Mr. Wallace approached the man inside the vehicle and asked him what he was doing. The man said the car was his, and Mr. Wallace asked for identification. Mr. Wallace did not notice what was in the man's hands when he exited the car, but they began wrestling as the man tried to leave. Two other employees heard Mr. Wallace yell for help, and the employees, Saul Monsivais and Steve Moreno, observed part of the confrontation as they exited the company building. Both employees gave chase, but lost sight of the man they had seen with Mr. Wallace.

The police and EMS were called, and a quadrant was set up by the police around the area. Appellant was arrested a few blocks away and returned to the scene, where a one-on-one identification procedure was done by Mr. Monsivais and Mr. Moreno. Appellant's finger prints were found on the vehicle.

Mr. Wallace had it pointed out to him by Mr. Moreno that he was bleeding on his lower side. Mr. Wallace had not noticed a weapon or felt being stabbed.

## APPELLANT'S POINT OF ERROR NO. 1

## Law and Argument

The evidence is not legally sufficient to support Appellant's Aggravated Assault with a Deadly Weapon conviction. When Appellant was arrested, there was no blood on him from the complainant. There were only minor scrapes on his back as shown by the pictures admitted into evidence and the arresting officer's testimony. (RR Vol. 3, p. 39-41)

Mr. Monsivais saw part of the scuffle from 10 to 15 feet away, and his description was "a tall, dark man." He could not give the man's age, and could only say he was taller than 5'6", Mr. Monsivais' own height. (RR Vol. 3, p. 180) Mr. Monsivais said the man wore short hair, a white shirt with straps and white basketball shorts. He remembered tattoos. (RR Vol. 3, p. 181-182) When Mr. Monsivais approached the scuffle, the man ran away. Mr. Monsivais gave chase in his truck, but lost the man. (RR Vol. 3, p 182, 186)

A knife was found in the parking lot; however, it belonged to another employee of the company. (RR Vol. 4, p. 42-43) There was no blood on the knife, which was admitted as State's #7.0 (RR Vol. 4, p. 42) There was testimony from the owner of the knife that you would need two hands to open it, use it. (RR Vol. 4, p. 93)

Appellant was arrested as the intersection of Saltillo and South Brazos, several blocks away. He immediately surrendered without incident. Appellant is an African American, and he was wearing white short when arrested. (RR Vol. 4, p. 62) He was carrying sunglasses and a car stereo remote. (RR Vol. 4, p. 63)

Steve Moreno, the other employee who observed the scuffle, was 25 to 30 feet away. (RR Vol. 3, p. 146) He ran toward Mr. Wallace and saw no actual cut or stab wound, but saw blood.

–3–

(RR Vol. 3, p. 158)

The finger prints found on the car do not prove that the Appellant was with the victim during the stabbing. (RR Vol. 4, p. 159) They are not evidence that Appellant stabbed the victim except by an inference that the Appellant was the perpetrator of the car burglary and then working backwards. The evidence does not prove that the Appellant had an opportunity to stab the victim. Instead, the finger prints only prove that Appellant was present at the scene, but mere presence is not enough to prove guilt. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex.Crim.App. 2001); *Medina v. State*, 7 S.W.3d 641 (Tex.Crim.App. 1996)

For example, courts have upheld murder convictions based solely on circumstantial evidence, such as in this case, for cases that have involved proof of motive in addition to other incriminating circumstances. *Ates v. State*, 21 S.W.3d 384, 390 (Tex.App.- Tyler 2000; no pet.)

## Law and Argument

The State must prove at trial Elton Branch used and exhibited a deadly weapon, a knife, that was capable of causing death or serious bodily injury and that he intentionally caused bodily injury to Clifton Wallace, complainant, by cutting and stabbing the complainant with such deadly weapon.

When reviewing the sufficiency of the evidence in a criminal case, we apply the Supreme Court's legal sufficiency standard as set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Applying the *Jackson* standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex.Crim.App. 2013). We are

–4–

permitted to consider all of the evidence in the record, whether admissible or inadmissible, when making our determination. *Powell v. State*, 194, S.W.3d 503, 507 (Tex.Crim.App. 2006). Appellate Courts must consider all of the evidence presented, and presume the factfinder resolved any conflicts in favor of the verdict and defer to that determination. *Wise v. State*, 364 S.W.3d 900, 903 (Tex.Crim.App. 2012). This presumption includes conflicting inferences from circumstantial evidence. *Mayberry v. State*, 351 S.W.3d 507, 509 (Tex.App. – San Antonio 2011; pet. ref'd)

The role of the Appellate Court is that of a due process safeguard ensuring the rationality of the trier of fact's findings of the essential elements of the offense beyond a reasonable doubt. *Moreno v. State*, 755 S.W.2nd 866 (Tex.Crim.App. 1988)

## APPELLANT'S POINT OF ERROR NO. 2

### Law and Argument

Appellant was denied a fair trial by the admission of gruesome photographs which were also cumulative and whose probative value was greatly outweighed by their prejudicial effect. Appellant's attorney properly objected to the photographs. (RR Vol. 3, p. 79-80)

The State responded to the objection by stating that the photographs depicted different angles as well as different stages of treatment that the victim received. (RR Vol. 3, p. 80)

In order for photographs to be relevant under a Rule 403 analysis, they must relate to identification and cause of injury. Factors cited are the number offered, gruesomeness, detail, size, black and white or color. *Long v. State*, 823 S.W.2nd 259 (Tex.Crim.App. 1991 p. 272)

## APPELLANT'S POINT OF ERROR NO. 3

## Law and Argument

The State offered hearsay statement from the complainant that were properly objected to by Appellant.   (RR Vol. 3, p. 71-73)

Mr. Wallace was allowed to recount, over objection, statements made outside the courtroom to Steve Moreno.   (RR Vol. 3, p. 72)   Appellant's attorney objected that such statement was offered for its truth and was a prior out-of-court statement.   (RR Vol. 3, p. 72)


## CONCLUSION

The evidence is not sufficient to support the verdict of guilty because there is no evidence of a weapon used by Appellant to harm complainant.   No weapon was found with blood or prints on it, and complainant and witnesses never saw or felt any injuries until later.   Appellant's arrest was based on circumstantial evidence and an almost non-existent description of assailant, including no race given.   Photographs of a prejudicial nature were admitted, along with hearsay statements.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court will remand his case to the Court below for a new trial.

_____
/S/JAMES C. OLTERSDORF
Heritage Plaza Building
410 South Main, Suite 205
San Antonio, Texas 78204
(210) 270-8588
Bar No. 15278630
ATTORNEY FOR APPELLANT

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Brief for Appellant has been hand-delivered to the Bexar County District Attorney's Office, Appellate Section, 300 Dolorosa St., 4th Floor, San Antonio, Texas 78205, on this 5th day of February, 2015.

_____
/S/JAMES C. OLTERSDORF
Attorney for Appellant